UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

BULLDOG EXCAVATING, LLC,
    *a West Virginia Limited Liability Company,*

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:24-cv-00595

DEIVIS TRUCKING, LLC,
LOWBOY SERVICES, INC., and
JB HARRIS TRANSPORT AND LOGISTICS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Bulldog Excavating, LLC's ("Bulldog Excavating") Motion to Remand [Doc. 6], filed October 29, 2024. Defendant JB Harris Transport and Logistics ("JB Harris") filed a response in opposition to the Motion on November 12, 2024 [Doc. 11]. Bulldog Excavating replied on November 14, 2024. [Doc. 12]. The matter is ready for adjudication.

**I.**

On September 17, 2024, Bulldog Excavating instituted this action in the Circuit Court of Mingo County, seeking damages related "solely [to the] lost revenue for the actions referenced herein, and the storage bill that was incurred. The physical property damage is being resolved through a separate insurance claim." [Doc. 1-1 at 1]. Bulldog Excavating's claims arise from an accident where its articulated truck was "severely damaged when [the] tractor/trailer hauling Plaintiff's articulated truck caught fire while in route [sic] to Plaintiff." [Doc. 1-1 at 3].

Bulldog Excavating alleges the Defendants' purported roles were as follows: (1) Defendant Deivis Trucking, LLC ("Deivis Trucking") owned the semi-tractor that hauled the 45 G articulated truck, (2) Defendant Lowboy Services, Inc. ("Lowboy Services"), owned the trailer attached to the semi-tractor, and (3) Defendant JB Harris was "responsible for setting up and coordinating the truck haul issue in this case." [*Id.*]. Specifically, Bulldog Excavating alleges (1) breach of contract (express or implied), (2) declaratory judgment, and (3) negligence. [*Id.* at 4–5]. Bulldog Excavating requests "an amount that will reasonably compensate it for its injuries and damages, court costs, and prejudgment interest." [*Id.* at 6]. The Complaint asserts the following damages:

      a.  Loss of benefit of their [sic] original bargain;
      b.  Loss of revenue;
      c.  Loss in the use of the articulate truck;
      d.  Delay damages;
      e.  Legal expenses;
      f.  Aggravation;
      g.  Inconvenience;
      h.  Annoyance;
      i.  Undue stress and hardship;
      j.  Other general damages.

[*Id.*].

On October 22, 2024, JB Harris removed. [Doc. 1]. JB Harris states the amount in controversy is greater than $75,000, regardless of Bulldog Excavating's prayer for relief being "silent to the exact amount that Plaintiff is claiming. . . ." [*Id.* at 3].

On October 29, 2024, Bulldog Excavating filed its Motion to Remand the Case to Circuit Court of Mingo County and the accompanying memorandum of law. [Docs. 6, 7]. It claims the parties agree they are diverse, but JB Harris has not proven the requisite amount in controversy. [Doc 7 at 2–3]. Moreover, it contends "Defendant has offered nothing more than threadbare allegations that the amount in controversy exceeds $75,000." [*Id.* at 3].

On October 29, 2024, JB Harris answered. [Doc. 8]. On November 12, 2024, JB Harris responded to the remand motion. [Doc. 11]. JB Harris asserts Bulldog Excavating's remand request is "based on spurious arguments regarding jurisdiction and the amount of controversy at issue with this claim." [*Id*.]. JB Harris further alleges "Plaintiff is purposely vague in regard to the amount of damages it is seeking so as to avoid Federal Court jurisdiction based on diversity." [*Id*.]. Additionally, regarding the original complaint, "there was no explicit amount of damages in the Verified Complaint filed by the Plaintiff Bulldog, so this Court must determine whether this Defendant has shown that it is more likely than not that the amount in controversy in this case exceeds $75,000." [*Id*. at 6]. It asserts it has met that threshold with an exhibit alleging a $225,000 value of the subject truck. [*Id*., Ex. 1].

On November 14, 2024, Bulldog Excavating replied. [Doc. 12]. Bulldog Excavating asserts "despite not including any evidence as to value of Plaintiff's loss of use in its Notice of Removal (ECF 1), to bolster its position the Defendant presented exhibit ECF 11-1 depicting a similar truck valued at $225,000 – something that is irrelevant to Plaintiff's Complaint." [*Id*.]. Bulldog Excavating believes "while this exhibit may reflect the value of the truck, the Plaintiff is not suing for the value of the truck" and "the loss of the truck is being resolved in a separate insurance proceeding and is not at issue in this Complaint." [*Id*. at 2].

**II.**

Title 28 U.S.C. § 1446 specifies the procedure for removing civil actions to federal court. The pertinent provisions are recited below:

> **(a) Generally**.--A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b) Requirements; generally.**--(1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . . .

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of citizenship.**--

. . .

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

(i) nonmonetary relief; or

(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

(3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the

4

amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C.A. § 1446(a), (b)-(c); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

Removability hinges "upon the state of the pleadings and the record at the time of removal . . . ." *Francis*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). The removing party must establish the amount in controversy by allegations in the notice of removal and, if challenged, by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). If "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," as does West Virginia, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A)(ii).

However, "[t]he amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. Nov. 29, 2011). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)). "When there is no *ad damnum* clause or settlement demand, the court . . . looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal." *Id.* at 968 (internal citations omitted).

**III.**

The Court focuses upon the record at the time of removal and the extent to which, if at all, JB Harris has met its jurisdictional burden by a preponderance of the evidence. Our Court of Appeals has stated as follows:

> Estimating the amount in controversy is not nuclear science, as a removing defendant is somewhat constrained by the plaintiff. After all, as masters of their complaint plaintiffs are free to purposely omit information that would allow a defendant to allege the amount in controversy with pinpoint precision. In many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions. . . .
>
> The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the court of the litigation.

*Scott v. Cricket Commc'ns LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *Dart Cherokee*, 574 U.S. at 88).

First, the prayer for relief includes ten substantial damage elements. Additionally, Bulldog Excavating opted to not stipulate its damages are below $75,000. *See McCoy*, 147 F. Supp. 2d at 485. Second, the prayer for relief reveals "the amount that will be put at issue in the court of the litigation" exceeds the jurisdictional minimum. *Scott*, 865 F.3d at 196. A loss of the benefit of the original bargain, lost revenue, lost use of the articulated truck, delay damages, legal expenses, aggravation, inconvenience, annoyance, undue stress and hardship, and other general damages unquestionably tally to the necessary sum. [Doc. 1-1 at 6]. Legal expenses alone may do so.

JB Harris is not required to provide anything more than a short and plain statement of removal.  [Doc. 1]. JB Harris reasonably computed -- and has proven by a preponderance of the evidence -- that this controversy involves more than the jurisdictional amount. And that is all that is required.

**IV.**

Accordingly, the Court **FINDS** by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court **DENIES** the Motion to Remand [Doc. 6]**.**

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party.

ENTERED: January 14, 2025

Frank W. Volk
Chief United States District Judge

7