UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BULLDOG EXCAVATING, LLC,
    *a West Virginia Limited Liability Company,*

    Plaintiff,

v.                                          CIVIL ACTION NO. 2:24-cv-00595

DEIVIS TRUCKING, LLC,
LOWBOY SERVICES, INC., and
JB HARRIS TRANSPORT AND LOGISTICS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Bulldog Excavating, LLC ("Bulldog Excavating") Motion for Leave to File an Amended Complaint, [ECF 23], filed January 30, 2025. Defendant JB Harris Transport and Logistics ("JB Harris") filed a response in opposition to the Motion on February 7, 2025, [ECF 25]. Bulldog Excavating replied on February 9, 2025. [ECF 26]. The matter is ready for adjudication.

**I.**

On September 17, 2024, Bulldog Excavating instituted this action in the Circuit Court of Mingo County, seeking damages related "solely [to the] lost revenue for the actions referenced herein, and the storage bill that was incurred. The physical property damage is being resolved through a separate insurance claim." [ECF 1-1 at 1]. On October 22, 2024, JB Harris removed. [ECF 1].

On October 28, 2024, a summons was returned reflecting Bulldog Excavating personally served the owner of the tractor, Deivis Trucking, LLC ("Deivis Trucking"). [ECF 5]. Service was accomplished on October 26, 2024, with an answer due by November 18, 2024. [*Id*.].

On October 29, 2024, Bulldog Excavating filed its Motion to Remand the Case to Circuit Court of Mingo County and the accompanying memorandum of law. [ECF 6, 7]. On October 29, 2024, JB Harris answered. [ECF 8]. On November 12, 2024, JB Harris responded. [ECF 11].

On November 18, 2024, a summons was filed reflecting Bulldog Excavating personally served the owner of the trailer, Lowboy Services, Inc., ("Lowboy Services"). [ECF 13]. Service was accomplished on November 14, 2024, with an answer due by December 5, 2024. [*Id*.].

On December 5, 2024, the Court entered its Scheduling Order. [ECF 15]. The deadline for the parties to amend the pleadings or join parties was January 31, 2025. [*Id*.].

On January 14, 2021, the Court entered a memorandum opinion and order denying the motion to remand. [ECF 21]. The Court found by a preponderance of the evidence the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [*Id*. at 7].

On January 30, 2025, Bulldog Excavating filed a Motion for Leave to File an Amended Complaint. [ECF 23]. It contends "leave to amend is warranted as facts have risen [sic] during initial discovery which confirm what the Plaintiff suspected, but did not [k]now for certain." [*Id*. at 3]. Specifically, "[a]s part of its due diligence in brokering the haul, Defendant JB Harris was responsible for ensuring that its subcontract haulers were adequately insured to provide coverage for loss during the haul." [*Id*.]. On the same date, JB Harris filed a crossclaim against Deivis Trucking and Lowboy Services. [ECF 24].

2

On February 7, 2025, JB Harris filed a response. [ECF 25]. It asserts it "did not know, and could not know, that after this fire and damage to the truck that the insurance company for Deivis, Zurich American Insurance Company, would deny both liability coverage and cargo coverage for this loss." [*Id*. at 3]. Moreover, "[t]his is the entire reason that JB Harris has been dragged into this case – the fact that Zurich denied coverage (to both Deivis and then JB Harris as its 'additional insured'), and the fact that both Deivis and Lowboy have refused to acknowledge or participate in this lawsuit." [*Id*.] Chiefly, JB Harris alleges the proposed amendments are prejudicial, made in bad faith, and futile. [*Id*.].

On February 9, 2025, Bulldog Excavating replied. [ECF 26]. Bulldog Excavating contends JB Harris' response "is nothing more than its continued effort to shirk its duty owed to Plaintiff." [*Id*. at 1]. Additionally, it asserts JB Harris has "failed to demonstrate any actual prejudice that would warrant denying" the amendment. [*Id*.]. Bulldog Excavating further maintain that JB Harris merely "reiterating . . . [it] had a Certificate of Liability Insurance" does not abrogate "the fact that the Plaintiff may reasonably allege a breach of duty in JB Harris's actions or omissions that contributed to the damage suffered." [*Id*.].

**II.**

Pursuant to *Rule* 15(a) "leave to amend a pleading shall be freely given 'when justice so requires.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Our Court of Appeals has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. A proposed

amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

### III.

The Scheduling Order [ECF 15], set January 31, 2025, as the deadline to amend the pleadings or join parties. Bulldog Excavating sought to amend on that same date. Thus, Bulldog Excavating need only satisfy the liberal amendment standard required by *Federal Rule of Civil Procedure* 15(a). According to Rule 15(a)(2), "a party may amend its pleading only with . . . the court's leave," and "[t]he court should freely give leave when justice so requires." While JB Harris asserts the amendment is (1) prejudicial, (2) made in bad faith, and (3) futile, the Court disagrees. JB Harris contends it is "patently unfair" and "extremely prejudicial to JB Harris, to allow the Plaintiff to amend its Complaint at this late stage to add another negligence claim against it. [ECF 25 at 3]. The Court disagrees. Bulldog Excavating has been asserting negligence since the original complaint. That complaint included: (1) Count III as a negligence claim, (2) Bulldog Excavating incorporating all preceding paragraphs in the negligence claim, (3) a single statement specifically directed to Defendant Deivis and Lowboy Services, and (4) three paragraphs simply referring to "Defendants." [*See generally* ECF 1-1, Ex. 1 at 5]. Lastly, when assessing whether an amendment is futile, leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Inasmuch as the proposed amendments are not frivolous, and ultimately assist in advancing Bulldog Excavating's claims, they are not futile.

Based on the foregoing, the Court **FINDS** no indication of prejudice, bad faith, or futility. Furthermore, inasmuch as it appears both Deivis Trucking and Lowboy Services, Inc., have failed to answer or otherwise respond to the complaint, the Clerk is directed to enter default against them.

**IV.**

Accordingly, the Court **GRANTS** Bulldog Excavating's Motion for Leave to File an Amended Complaint [**ECF 23**] and **ORDERS** the Amended Complaint attached as Exhibit #1 be entered today.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTERED:    March 10, 2025

Frank W. Volk
Chief United States District Judge