# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

BULLDOG EXCAVATING, LLC,
    *a West Virginia Limited Liability Company,*

    Plaintiff,

v.                                           CIVIL ACTION NO. 2:24-cv-00595

DEIVIS TRUCKING, LLC, and
LOWBOY SERVICES, INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Bulldog Excavating, LLC ("Bulldog Excavating") Motion for Leave to File an Amended Complaint, [ECF 23], filed January 30, 2025. Defendant JB Harris Transport and Logistics ("JB Harris") filed a response in opposition to the Motion on February 7, 2025, [ECF 25]. Bulldog Excavating replied on February 9, 2025. [ECF 26]. The matter is ready for adjudication.

## I.

On September 17, 2024, Bulldog Excavating instituted this action in the Circuit Court of Mingo County, seeking damages related "solely [to the] lost revenue for the actions referenced herein, and the storage bill that was incurred. The physical property damage is being resolved through a separate insurance claim." [ECF 1-1 at 1]. On October 22, 2024, JB Harris removed. [ECF 1].

On October 28, 2024, a summons was returned reflecting Bulldog Excavating personally served the owner of the tractor, Deivis Trucking, LLC ("Deivis Trucking"). [ECF 5]. Service was accomplished on October 26, 2024, with an answer due by November 18, 2024. [*Id*.].

On October 29, 2024, Bulldog Excavating filed its Motion to Remand the Case to Circuit Court of Mingo County and the accompanying memorandum of law. [ECF 6, 7]. On October 29, 2024, JB Harris answered. [ECF 8]. On November 12, 2024, JB Harris was the sole party to respond. [ECF 11].

On November 18, 2024, a summons was filed reflecting Bulldog Excavating personally served the owner of the trailer, Lowboy Services, Inc., ("Lowboy Services"). [ECF 13]. Service was accomplished on November 14, 2024, with an answer due by December 5, 2024. [*Id*.].

On December 5, 2024, the Court entered its Scheduling Order. [ECF 15]. The deadline for the parties to amend the pleadings or join parties was January 31, 2025. [*Id*.].

On January 14, 2021, the Court entered a memorandum opinion and order denying the motion to remand. [ECF 21]. The Court found by a preponderance of the evidence the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [*Id*. at 7].

On January 30, 2025, Bulldog Excavating filed a Motion for Leave to File an Amended Complaint. [ECF 23]. It asserted "leave to amend is warranted as facts have risen [sic] during initial discovery which confirm what the Plaintiff suspected, but did not [k]now for certain." [*Id*. at 3]. Specifically, "[a]s part of its due diligence in brokering the haul, Defendant JB Harris was responsible for ensuring that its subcontract haulers were adequately insured to provide coverage for loss during the haul." [*Id*.]. On the same date, JB Harris filed a crossclaim against Deivis Trucking and Lowboy Services. [ECF 24].

On February 7, 2025, JB Harris filed a response. [ECF 25]. It stated it "did not know, and could not know, that after this fire and damage to the truck that the insurance company for Deivis, Zurich American Insurance Company, would deny both liability coverage and cargo coverage for this loss." [*Id*. at 3]. Moreover, "[t]his is the entire reason that JB Harris has been dragged into this case – the fact that Zurich denied coverage (to both Deivis and then JB Harris as its 'additional insured'), and the fact that both Deivis and Lowboy have refused to acknowledge or participate in this lawsuit." [*Id*.] Chiefly, JB Harris alleged the proposed amendments were prejudicial, made in bad faith, and futile. [*Id*.].

On February 9, 2025, Bulldog Excavating replied. [ECF 26]. Bulldog Excavating asserted JB Harris' response "is nothing more than its continued effort to shirk its duty owed to Plaintiff." [*Id*. at 1].

On March 10, 2025, the Court entered an order granting the Leave to file an Amended Complaint and directed the Clerk to file the previously file Amend Complaint on the same date. [ECF 27, 28].

On March 24, 2025, JB Harris Logistics filed their answer. [ECF 29].

On April 10, 2025, Bulldog Excavating file a Motion for Entry of Default Judgment pursuant to *Federal Rule of Civil Procedure* 55(b)(2).[1] [ECF 30].

On April 15, 2025, the Clerk entered Default pursuant to *Federal Rule of Civil Procedure* 55(a). [ECF 31].

On April 17, 2025, JB Harris and Bulldog Excavating filed a proposed order of partial dismissal reflecting "all matters in controversy between the two parties have been settled

---

[1] Inasmuch as Bulldog Excavating filed their original motion "pursuant to Rule 55(b)(2) of the *Federal Rules of Civil Procedure*," [ECF 30 at 1], the Court and the Clerk construed this motion as pursuant to *Federal Rule of Civil Procedure* 55(a) considering the two-step process detailed *infra*.

and compromised." [ECF 32]. The Court adopted the order on May 6, 2025. [ECF 33]. Lowboy Services and Deivis Trucking remained as Defendants.

On May 9, 2025, Bulldog Excavating filed a Motion for Default Judgment against Deivis Trucking and Lowboy Services pursuant to *Federal Rule of Civil Procedure* 55(b)(1). [ECF 34]. In support of the motion, they provided: (1) the Bulldog Excavating 2024 Rate Sheet, (2) an Affidavit of Aaron Brown, and (3) a towing bill from Mogul's Towing in York, Nebraska. [ECFs 34-1, 2, and 3]. They requested relief in the amount of $114,186.25, "along with pre-judgment and post-judgment interest, cost, and grant such other and further relief as the Court deems just and proper." [*Id*. at 2].

## II.

*Federal Rule of Civil Procedure* 55 prescribes a two-step approach regarding default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, after the entry of default by the Clerk, the Plaintiff may request the Court issue default judgment in accordance with *Federal Rule of Civil Procedure* 55(b). When a party moves for a default judgment, *Rule* 55(b) authorizes a district court to "conduct hearings or make referrals" in order to, inter alia, "determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D). Regarding the second step of "the subsequent entry of a default judgment, [it] may be done by the clerk if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, Fed. R. Civ. P. 55(b)(1), but otherwise must be done by the district court." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 128 (4th Cir. 2020) (referencing Fed. R. Civ. P. 55(b)(2)); *see also Smith v. Devine*, 126 F.4th 331, 346 (4th Cir. 2025)(providing "where

default judgment is warranted, if a plaintiff's claim is for a 'sum certain or a sum that can be made certain by computation,' then a judgment 'must [be] enter[ed] . . . for that amount and costs against a defendant who has been defaulted.'")). A district court should "not just accept [a plaintiff's] statement of . . . damages" but should instead "ensure that the damages [a]re appropriate." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### III.

Inasmuch as both Lowboy Services and Devis Trucking did not answer within the time prescribed for doing so, and have failed to prosecute this matter at large, it is appropriate to enter default pursuant to *Federal Rule of Civil Procedure* 55(b)(1). Fed. R. Civ. Proc. 55(b)(1) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). At bottom, Lowboy Services and Devis Trucking have utterly failed to participate in the instant matter.

Considering the requisites of *Rule* 55(b)(2), when the sum is not certain, default judgment can only be made by the court. Fed. R. Civ. P. 55(b)(2). In their motion, Bulldog Excavating asserts "[a]s evidenced by the sworn affidavit attached hereto, along with the applicable rate sheet for the articulated truck's use, the Plaintiff avers it has suffered damages in the amount of one hundred fourteen thousand one hundred eighty-six dollars and twenty-five cents ($114,186.25)." [ECF 34 at 2]. They further request "pre-judgment and post-judgment interest, cost, and grant such other and further relief as the Court deems just and proper." [*Id.*]. Based on the available record, it is difficult to ascertain the amount of the Plaintiff's pre-judgment interest and costs, as these figures were not specified in the original or amended complaint, the motion, or

the accompanying affidavit. Nevertheless, the Bulldog Excavating's requests an award for both. Thus, due to the absence of certain specificity, the Court must conduct a hearing to determine the proper amount.

### IV.

Accordingly, the Court **GRANTS** Bulldog Excavating's Motion for Entry of Default Judgment, [**ECF 34**], to the extent it seeks the entry of default and **ENTERS** default against both the remaining Defendants as to the allegations made and the relief sought in the Complaint.

The Court will hold an evidentiary hearing to resolve the damages to which Bulldog Excavating is entitled on **July 15, 2025 at 2:00 p.m. in Charleston.**

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 6, 2025

Frank W. Volk
Chief United States District Judge

6